UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **DAVID WAYNE GOODNIGHT,** | ) | |
| | ) | |
| **Petitioner** | ) | |
| | ) | |
| v. | ) | No. 3:05cv0546 AS |
| | ) | |
| **CECIL DAVIS,** | ) | |
| | ) | |
| **Respondent** | ) | |

### *MEMORANDUM OPINION AND ORDER*

On or about August 29, 2005, *pro se* petitioner, David Wayne Goodnight, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on January 9, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the ISP in this district. The charge was intimidating or threatening, and the sanction included a 90-day deprivation of earned time credit which does implicate *Wolff v. McDonnell*, 418 U.S. 539 (1974). The prison disciplinary proceeding was at the ISP under cause number ISP 05-06-0046.

It is asserted and indeed proven that this petitioner sent a threatening letter to Joyce Elder of the Indiana Department of Health. The exact content of the letter is as follows:

>     Joyce Elder
>
>     I'd bet if I was on the streets to where I could slap your bitch family that you would help me get medical treatment or If I had money you would be quick to help.
>
>     It's people like you and the D.O.C. is why I fully support Osama Bin Laden.  I pray for his next attack and you people are there.
>
>                                     Truly,
>
>
>                                     David Wayne Goodnight
>                                     895515 EE61
>                                     P.O. Box 41
>                                     Michigan City, IN   46361.

This petitioner admitted to writing the aforesaid letter.

If David Wayne Goodnight were in open society, he <u>might</u> be able to make some kind of an argument that this letter is a species of some kind of right under the First Amendment of the Constitution of the United States to petition the government or make some kind of a free speech argument.  But he is not in open society and while he does not give up all constitutional rights, the proceedings here under the guidance of the Supreme Court decision in *Wolff* carefully complied with the specific due process requirements enunciated by the nation's highest court in that opinion.

With that aside, there is certainly evidence to support this administrative decision under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), as well as the so-called "some evidence" test applicable in this circuit.  *See Webb v. Anderson*,

224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). Generally, violations of the ADP do not generally state a basis for relief under 28 U.S.C. §2254. *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997). There is no absolute constitutional right to a lay advocate. *See Miller v. Duckworth*, 963 F.2d 1002 (7th Cir. 1992).

The question of whether this letter is arguably within some interpretation of some part of the First Amendment of the Constitution of the United States of America deserves some attention. The Supreme Court of the United States has looked at a part of that subject in *Jones v. North Carolina Prisoners Labor Union, Inc.*, 433 U.S. 119 (1977). This court is not troubled by a decision that says persons incarcerated for serious crimes in state institutions do not have a constitutional right to use the United States mails for this particular brand of threatening-intimidation.

The Attorney General has placed before this Court a series of documents designated A through K, both inclusive, which explicate in great detail the proceedings involved. The petitioner has presented no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

DATED: March 1, 2006

                                           **S/ ALLEN SHARP**
                                           **ALLEN SHARP, JUDGE**
                                           **UNITED STATES DISTRICT COURT**